**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4253**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

        v.

MARC JUDSON CURRY,

               Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, District Judge.
(1:09-cr-00483-BEL-1)

Submitted:  March 19, 2012          Decided:  April 19, 2012

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Martin G. Bahl, Staff
Attorney, Baltimore, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Ayn B. Ducao, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Consonant with the terms of his conditional plea agreement, Marc Judson Curry appeals the district court's denial of his motion to suppress evidence obtained during a search of his car pursuant to a traffic stop. We affirm.

The district court's legal conclusions underlying a suppression determination are reviewed de novo while its factual findings are reviewed for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). Because the district court denied the motion to suppress, the evidence is construed on appeal in the light most favorable to the government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

Curry disputes the district court's ruling on his motion by developing two separate strands of argument. He first claims that the law enforcement officers who detained him impermissibly prolonged the traffic stop by requesting a Vehicle Identification Number ("VIN") verification despite the fact that reasonable suspicion that he was unauthorized to drive his vehicle had previously been entirely dissipated by Curry's production of his license, his registration, and a bill of sale. But whatever the merits of this argument may be, the record demonstrates that the detaining officers were nonetheless justified in prolonging Curry's detention longer than was strictly necessary to issue him a ticket because they possessed

2

reasonable suspicion that Curry was engaged in other criminal activity. See Illinois v. Caballes, 543 U.S. 405, 407 (2005); United States v. Ortiz, ___ F.3d ___, 2012 WL 604151, at *4 (4th Cir. Feb. 27, 2012) (slip op.).

In our view, the collective import of Curry's visible tremulousness and attempts at concealing items in the glove compartment and his pants pocket suggested behavior "in which few innocent people would engage." United States v. Foreman, 369 F.3d 776, 781 (4th Cir. 2004). See also United States v. Digiovanni, 650 F.3d 498, 512 (4th Cir. 2011). Coupled with the detaining officer's knowledge that Curry previously had been involved in a drug-related criminal offense, see United States v. Powell, 666 F.3d 180, 188 (4th Cir. 2011), we conclude that the assortment of peculiar circumstances observed by the officer constituted "sufficient objective evidence" demonstrating reasonable suspicion that Curry was involved in some sort of criminality. United States v. Branch, 537 F.3d 328, 336 (4th Cir. 2008). Detaining Curry long enough to investigate his suspicious behavior was therefore justifiable in this case.

Curry next claims that the drug dog brought onto the scene by the detaining officers did not alert on his car prior to jumping inside of it, thereby violating his Fourth Amendment rights by intruding into his car without probable cause, and

3

that the district court erred in determining otherwise. Whether the dog alerted before entering Curry's vehicle is a question of fact, United States v. Mason, 628 F.3d 123, 130 (4th Cir. 2010), so appellate review is for clear error. Guijon-Ortiz, 660 F.3d at 762.

Curry's arguments boil down to an attack on the credibility of the dog handler's testimony at the suppression hearing, which he claims consisted simply of post hoc attempts to locate the dog's alert at an earlier point in time than it actually occurred. But on this score, Curry is up against the principle that credibility is quintessentially a question for the district court, whose role it is to "observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008). Nor, in our opinion, does the relevant video footage demonstrate that the dog handler's testimony was unworthy of belief.

Accordingly, the district court did not commit clear error in accepting the dog handler's testimony that the dog alerted prior to entering Curry's vehicle. See Mason, 628 F.3d at 130. Because the dog's alert provided probable cause to enter the vehicle almost immediately after the dog began its scan, Curry suffered no Fourth Amendment violation from the dog's subsequent intrusion into the car's passenger compartment. See United States v. Parada, 577 F.3d 1275, 1281-82 (10th Cir.

4

2009) (distinguishing between a "general alert" and a "pinpoint location," and holding that an alert provided probable cause to search a car, even in the absence of a pinpoint indication of the location of the drugs). As a consequence, Curry's motion to suppress was properly denied by the district court.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED